UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

WAYNE JOHNSON
vs.

                                         CIVIL ACTION

DR. SNYDER; DR. HOC; WARDEN MAY;
NURSE ROBINSON; NURSE BYRD;           NO. 23-3230
NURSE EMMANUELLE;
CORRECTIONAL OFFICER KEYS;
DENTAL ASSISTANT HOLLY;
MAJOR ELLOS; CORIZON, et al

**Appellant Johnson's Brief Pursuant to Court Order of Jan. 31, 2024**

## I.    Introduction-

Appellant Johnson bring as this appeal under two grounds. Initially he contends that the lower court improperly dismissed his negligence claim without explanation in its order of Jan 31, 2023. A letter to the Court regarding such was ignored. The letter pointed out that the Judge had said in open court that the filing of an Amended Complaint triggers the 60 day limit for filing a Certificate of Merit. Said Certificate was filed within the 60 day limit on April 15, 2023 after the Second Amended Complaint was filed on Feb. 16, 2022.  The second argument asks the Court to exercise its plenary powers to review the final decision via summary judgement on the deliberate indifference claim against Dr. Schneider. The Court conveniently ignored the wording Appellant's expert Dr. Modesto, the only expert to offer an opinion, that stated Dr,. Schneider's actions constituted gross negligence which the Court utilized in its decision but omitted the work 'gross'. Such an uncontradicted opinion established the deliberate indifference standard.


## II. Legal Argument

### A. **Eighth Amendment Claim of Deliberate Indifference - The Court Improperly Dismissed the Deliberate**

Indifference Claim Against Dr. Schneider as the Expert
Report Established Deliberate indifference

The Eighth Amendment protects prison inmates from cruel and
unusual punishment in the form of inadequate medical care. See *Brennan*,
511 U.S. 825, 832 (1994); *Estelle v. Gamble* Farmer v., 429 U.S. 97, 103-
05 (1976). To set forth a cognizable claim, an inmate must allege (1) a
serious medical need; and (2) acts or omissions by prison officials which
demonstrate deliberate indifference to that need. See *Estelle*, 429 U.S. at
104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical
need is "one that has been diagnosed by a physician as requiring treatment
or one that is so obvious that a lay person would easily recognize the
necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional
Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). The tooth extraction
is clearly a serious condition satisfying the initial prong.*

The second prong of the Estelle standard can be established in
several ways. The Third Circuit has "'found "deliberate indifference" in a
variety of circumstances, including where the prison official (1) knows of a
prisoner's need for medical treatment but intentionally refuses to provide it;
(2) delays necessary medical treatment based on a non-medical reason; or
(3) prevents a prisoner from receiving needed or recommended medical
treatment.'" *Parkell v. Danberg*, 833 F.3d 313, 337 (3d Cir. 2016) (quoting
*Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). In this instance,
Johnson was examined on Feb. 1st by a dental assistant who took x rays
and advised him that his two front teeth needed to be extracted. Johnson
returned to the dental department of CFCF on Feb. 6 and was examined by
Defendant Dr. Green who tried and failed to extract the teeth, determined
that an infection hampered the effort and ordered anti biotics for the
infection. Johnson returned two days later on Feb. 8. He told Defendant Dr.
Schneider that he had an infection but had yet to take the ordered anti
biotics. Dr. Schneider ignored the prior dental visit and records, said the
infection didn't matter or the failure to take anti biotics and went ahead with
an attempted extraction. After several injections of Novocain, the attempt
failed and caused considerable pain and suffering to Plaintiff Johnson.
Again ignoring prior records, the failed extraction attempt, the infection and
lack of treatment for such that Dr.Green said was preventing the extraction,

she said she would try another technique and gave him additional shots of Novocain. She drilled holes in his front teeth but the attempted extraction failed again causing additional pain and suffering. She then told Jonson that the infection was the probable cause of the problem. Failure to inquire into essential facts that are necessary to make a professional judgment can constitute deliberate indifference. As one court put it, "We will defer to the informed judgment of prison officials as to as appropriate form of medical treatment. But if an informed judgment has not been made, the court may find that an eighth amendment claim has been stated." Failure to conduct an adequate examination is further evidence of deliberate indifference." *Tillery v. Owens*, 719 F.Supp. 1256, 1308 (W.D. Pa. 19890 Aff'd 907 F. 2d 418 94(3RD Cir. 1990). Dr Schneider had the records available from 2 prior visits but chose to ignore them. Johnson told her of the instructions he received from Defendant Dr. Green two days earlier but she chose to ignore them as well. As Dr. Modesto's Expert Report noted, Schneider failed to note that antibiotics had been ordered, not yet taken and said it made no difference [A00021]. The report also noted that Schneider "failed to mention difficulty extracting teeth resulting in additional attempts by drilling into teeth, exposing/aggravating nerves and exacerbating pain" [A00021].  A doctor's grossly perfunctory exam could evince deliberate indifference, *Phillips v. Roane County Tenn.* 534 Fd. 531, 544 (6th Cir. 2008).  See also *Spruill v. Gillis*, 372 F. 3d 218,237 (3rd Cir. 2004), *Steele v. Shah* 87 F3D. 1266, 1270 (11TH Cir. 1996). Schneider failed to heed the prior records and recommendations, ignored Plaintiffs pleas, ignored the failure to give the prescribed medication for the infection and went ahead with not one but two failed attempts at extraction establishing the second prong of the deliberate indifference test. As Dr. Modesto opined, Schneider "displayed a gross deviation form acceptable professional standards" [A00020] by the botched procedure and by failing initially to refer him to an oral surgeon. "There were multiple departures from good and accepted dental practice by Dr. Schneider (failing to allow antibiotics to even begin to take effect on evident dental infection before first attempt to extract tooth, attempting attempt to extract tooth, attempting extraction in such a way to expose the nerve and send the patient away without immediately remedying this, attempting extraction despite failed attempts/antibiotics, and failing to refer to proper professionals i.e. oral surgeon),  as well other dental professionals employed by the correctional facility." [Modesto A00025]. Dr. Modesto's opinion was the only expert opinion offered and

clearly established deliberate indifference. The Court's opinion conveniently omitted the word 'gross' when discussing the level of care by Dr. Schneider. The Second Circuit has ruled that a "claim regarding inadequate dental care, like one involving medical care, can be based on various factors, such as the pain suffered by the plaintiff, . . . the deterioration of the teeth due to a lack of treatment, . . . or the inability to engage in normal activities." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Dr. Modesto's opinion clearly establishes deliberate indifference due to numerous departures from accepted practices outlined in her report.

Clearly material facts are at issue requiring the dismissal of the Motion for Summary Judgment.

### B. **The Court improperly dismissed Appellant Johnson's Negligence Claim as his Certificate of Merit was filed in a timely manne**r

Appellant Johnson filed a pro se 42 USC 1983 complaint against various health care providers at the Curran Fromhold Correctional Facility on Jan. 28, 2019. The case was placed on the Prisoner pro se list and I entered my appearance on Jan. 4, 2022 as a member of the Prisoner s Pro Se panel and former Chair of the Committee overseeing the panel.  The Court ordered a Second Amended Complain to be filed on Feb. 14, 2022. Said Second Amended Complaint was filed in a timely manner on Feb. 16, 2022. Count VI of the pleading contained a negligence claim against the named Doctors. A Certificate of Merit against Dr. Schneider only was filed on April 15, 2022 within the 60 day limit, pursuant to Pennsylvania Rule of Civil Procedure 1042.3. [Dkt. #75]. Then Court dismissed the negligence claim against Dr. Schneider in its order of Jan. 31, 2023 without an opinion. As the manner had been discussed in open court and the Judge indicated that the filing of an amended complaint restarts the 60 day time limit, Appellant argues that the Certificate of Merit was timely and the dismissal was incorrect. Counsel sent a letter to the Court indicating such but was ignored.

"With regard to the recent Preliminary Pre Trail Conference of Jan. 31, 2023, I ask for clarification on an important issue.

Plaintiff Johnson files his Second Amended Complaint per order of the court of Feb. 16, 2022. Defendant Schneider filed a Motion to Dismiss on April 12, 20222 and asked the court to dismiss the 8th Amendment claim for deliberate indifference to a serious medical need as well as the negligence claim. With respect to the negligence claim, the Defense motion argued that Plaintiff had failed to file a Certificate of Merit within the required 60 days. Plaintiff Johnson filed a Certificate of Merit three days later as to Defendant Schneider on April 15, 2022 pursuant to Pennsylvania Rule of Civil Procedure 1042.3 [Pa. RCP] within the 60 day limit.

On August 29, 2022 Defendant Corizon filed a Praecipe for Entry of Judgment Non Pros on behalf of Corizon and their employees Dr. Haque and Nurse Emmanuel Marinho alleging the failure to file a Certificate of Merit as to their clients. Plaintiff Johnson responded that he did not contest the motion as to Corizon et al but did contest as to Defendant Schneider.

At the Pre Trial Conference of Jan. 31, 2023, Judge Bettlestone indicated that the filing of an amended complaint triggers another 60 days under Pa. RCP 1042.3. Accordingly said Certificate of Merit as to Schneider was filed in a timely manner. However Your Honor issued docket entry 101 dismissing Plaintiff Johnson's negligence claim against Defendant Schneider. Plaintiff's counsel contends that ruling was inconsistent with the discussion in open court and asks the court to reconsider that ruling."

[Dkt entry # 105]

Relevant case law states that the Certificate of Merit is applicable in Federal Court, *Scaramuzza v. Sciolla* 345 F. Supp. 508 [E.D. Pa. 2004] and Pennsylvania law applies. That Court ruled that a late filed Certificate does not warrant dismissal under Pa. law. as no prejudice to appellee has been shown, the claim should not have been dismissed. In this instance the Certificate of Merit should have prevented the dismissal of the negligence claim.

### III. Conclusion

Appellant Johnson respectfully requests that this Honorable Court allow both claims to go forward.

Angus Love, Esq.- Counsel for Appellant