UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

WAYNE JOHNSON
vs.

DR. SNYDER; DR. HOC; WARDEN MAY;
NURSE ROBINSON; NURSE BYRD;
NURSE EMMANUELLE;
CORRECTIONAL OFFICER KEYS;
DENTAL ASSISTANT HOLLY;
MAJOR ELLOS; CORIZON, et al

CIVIL ACTION

NO. 23-3230

## Brief of the Appellant

On appeal from the Memorandum and Order of Dec. 5, 2023 in Civil Action No. 19-0415 of the United States District Court for the Eastern District of Pennsylvania [Judge Wendy Bettlestone] and the Order of Jan. 31. 2023 when the negligence claim was dismissed without a memorandum.

Angus Love ,Esq.
Attorney ID No. 22392
Law Offices of Angus Love
P.O. Box 521
Narberth, Pa. 19072
215-435-6345
*Attorney for Appellant*

*Dated April 1, 2024*

# TABLE OF CONTENTS

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................2-5

STATEMENT OFJURISDICTION............................................................5

STATEMENT OF ISSUES PRESENTED FOR REVIEW..................................5-6

STANDARDS OF

REVIEW...................................................................................7-8

STATEMENT OF THE CASE...............................................................8-9

STATEMENT OF THE FACTS .......................................................9-17

SUMMARY OF ARGUMENT........... .....................................................17-18

ARGUMENT.................................................................................18-32

CONCLUSION...............................................................................32

CERTIFICATE OF COMPLIANCE.......................................................33

CERTIFICATE OFADMISSION..........................................................33

CERTIFICATE OF VIRUS SCAN AND IDENTICAL COPY .............................33

CERTIFICATE OF SERVICE............... .....................................................34-35

1

## TABLE OF AUTHORITIES

**CASES**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986.....................8

*Beers-Capitol v. Whetzel,* 256 F.3d 120 (3d Cir. 2001).........................22

*Board v. Farnham,* 394 F. 3RD 469,480-482 (7TH Cir.).........................21

*Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986)..............................7

*Chamberlin v. Giampapa,* 210 F.3d 154, 158-61 (3d Cir. 2000)............32

*Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1988)...................26,34

*Chandler v. Cook*, 265 A.2d 794 (1970).........................................16

*Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 346 (3d Cir. 1987)...........20

DeShaney v. Winnebago Dept. of Social Servs., 489 U.S. 189 (1989).................20

*Erie R.R. v. Tompkins,* 304 U.S. 64 (1938)).......................................32

*Estelle v. Gamble*, 429 U.S. 97 (1976) .........................................., 20-21

*Farmer v. Brennan*, 511 U.S. 825 (1994) ......................................,,20, 22

*Fotta v. Trs. of the United Mine Workers Health & Ret. Fund of 1974*, 319 F. 3d 612, 615-16 (3d Cir. 2003)...................................................................5

*Greeno v Daley* 414 F. 3d 645,653-654 (7TH Cir. 2005)...................18,33

*Hanna v. Plumer,* 380 U.S. 460 (1965)...........................................32

2

Helling v. McKinney, 509 U.S. 25 (1993)......................................... 20, 21

Hudson v. McHugh 148 F. 3d 859, 864 [7th Cir. 1998].....................18,33

Hugh v. Butler County Family YMCA, 418 F.3d 265, 266 (3d Cir 2005)...........5

Kline v. First West Government Securities, 24 F.3d 480, 485 (3d Cir.......8

1994);.................................................................................5

Matsushita Electric Industrial Company, Ltd. v. Zenith Radio Corporation,

475 U.S. 574, 587 (1986).................................................................8

Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347

(3d Cir. 1987)...................................................................23

Natale v. Camden County Corr. Facility, 318 F.3d 575, 580 (3d Cir. 2003).......5

Rhodes v. Chapman, 452 U.S. 337, 347 (1981)...............................20

Phillips v. Roane County Tenn. 534 F.3d. 531, 544 (6th Cir.2008).........25

Roe v.Elyea, 631 F.3d 843, 860 (7th Cir. 2011...........................26,27

Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999.........................21

Scaramuzza v. Sciolla 345 F. Supp. 2d 508 (E.D. Pa. 2004)...........17.32

Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir.) .......................................25

Steele v. Shah 87 F3D. 1266, 1270(11TH Cir. 1996)...........................25

Stefan v. Olson 497 F.App'x 568,577 [6th Cir. 2012]...........................33

*Talbert v. Correctional Dental Associates,* 731 F. App'x 145, 150 (3d Cir. 2018).........................................................................27

*Talbert v. Correctional Dental Associates,* 2021 U.S. Dist. LEXIS 7012....27

*TIC N. Cent. Dall. 3, L.L.C. v. Envirobusiness, Inc.* 463 S.W.3d 71 (Tex. App. 2014)..................................................................29

*Tillery v. Owens,* 719 F.Supp. 1256, 1308 (W.D. Pa. 19890 Aff'd 907 F. 2d 418 94(3RD Cir. 1990)...............................................................25

*Wynn v. Southward, 251 F.3D 588, 593 (7TH Cir. 2001)......................23*

**STATUTES**

28 U.S.C. § 1291 (2010) ...........................................................5

28 U.S.C. § 1331 (2010) ...........................................................5

42 U.S.C. §1983 (2010) ............................................................6

**RULES**

Fed.R.C.P. 12 [B] [6]...............................................................6

Pa. R.C.P. 1042.3 ....................................................................29

Fed. R. App. P. 32(a)(7)(B)........................................................32

**OTHER SOURCES**

U.S. Const. Amend. VIII .................................................................................5-6,19

## STATEMENT OF JURISDICTION

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291, as Plaintiff-Appellant Wayne Johnson appeals from a final judgment of the United States District Court for the Eastern District of Pennsylvania. The trial court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as Mr. Johnson's complaint alleged claims arising under the Eighth Amendment of the United States Constitution and 42 U.S.C. § 1983. A final order and judgment was entered on the Eighth Amendment claim on Dec. 5, 2023 and a certificate of appealability was issued on Dec. 15, 2023 that disposed of all claims. An Order dismissing the medical negligence claim was issued on Jan. 31, 2023 without a memorandum via a F.R.C.P 12 (B) (6) Motion. The Notice of Appeal was timely filed December 18, 2023

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

A. Whether the District Court erred in granting summary judgment because

Appellant-Plaintiff Wayne Johnson established a material fact at issue in his deliberate indifference claim to prove an Eighth Amendment violation by Appellee Schneider.

B. The Lower Court improperly dismissed the Appellant's negligence claim via Motion to Dismiss despite the filing of the Certificate of Merit in a timely manner

C. Corizon and City Appellees were deliberately Indifferent to Johnsons' needs, while Corizon remains stayed due to bankruptcy filing.

## STANDARDS OF REVIEW

A district court's legal conclusions are subject to plenary review. See *Fotta v. Trs. of the United Mine Workers Health & Ret. Fun*d of 1974, 319 F. 3d 612, 615-16 (3d Cir. 2003). A district court's grant of summary judgment is reviewed de novo. See *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 266 (3d Cir 2005); *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580 (3d Cir. 2003).

"Summary judgment procedure is…an integral part of the Federal Rules as a whole, [and is] designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is appropriate where the moving party shows that "there is no genuine "mere existence of a scintilla of evidence" in their favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Plaintiff must offer specific material facts that would be admissible at trial and that contradict Defendants' assertion that no genuine issue is in dispute. *Kline v. First West Government Securities*, 24 F.3d 480, 485 (3d Cir. 1994); Fed. R. Civ. P. 56(e).

Not all facts are material and not all disputes are genuine. A fact is "material" only if its existence or nonexistence would affect the outcome of the case under the applicable substantive law. *Anderson* at 248; *see also Celotex* at 323 ("a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial"). A dispute is "genuine" only where a reasonable jury "could return a verdict in favor of the non-moving party." *Anderson* at 255; *Matsushita Electric Industrial Company, Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 587 (1986) ("[w]here the record taken as a whole could not

7

lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial").

The Lower Court's dismissal of their Negligence claim in its order of Jan. 31, 2023 without an opinion or cause is a clear error of law.

## STATEMENT OF THE CASE

Plaintiff Johnson filed a Pro Se Complaint pursuant to 42 USC 1983 on January 28, 2019. The case was assigned to Judge Darnell Jones who retired shortly thereafter and the case was transferred to Judge Wendy Bettlestone.  The pandemic impeded the progress of the case.  On March 24, 2021 a Motion for Appointment of Counsel was granted and the case was placed on the Prisoner's Pro Se Panel. On January 4, 2022, Angus Love, a member of the panel and former chair of the committee overseeing the panel, was appointed to represent Plaintiff Johnson. On Feb. 14, 2022 the Court ordered Johnson to file a Second Amended Complaint which was filed on Feb.16, 2022. On April 12, 2022 Defendants filed a Motion to Dismiss/Summary Judgement citing the failure to file a Certificate of Merit. Johnson filed a Certificate of Merit against Schneider in a timely manner on April 15, 2022. The Court held a Pre Trial Conference on Jan. 30, 2023. It

then dismissed the negligence claim in its Order without an opinion on Jan. 31, 2023. Plaintiff Counsel wrote a letter to the Court regarding that decision but the letter was ignored. On Nov. 6, 2023, Defendants Dr. Mohammed Hague [initially referred to as Dr. Hoc in the pro se Complaint] Defendant Nurse Marinhoa RN [initially referred to as Emmanuelle in the pro se complaint] and Defendant Schneider [initially referred to as Synder] filed a Motion for Summary Judgment. Plaintiff Johnson opposes said Motion for the following reasons. The Court issued a Memorandum and Order on Dec. 5, 2023 granting Summary Judgement to Defendants Schneider, Hogue, Marino, Robinson, Byrd, Holly and Does. Claims against Warden May were dismissed with prejudice as he passed away. Claims against Corizon continued to be stayed pending their bankruptcy [Dkt. 107]. A Notice of Appeal was filed on Dec. 18, 2023.

## STATEMENT OF THE FACTS

While incarcerated in 2019 at the Curran Fromhold Correctional Facility [CFCF] in the Philadelphia Prison System, Plaintiff Johnson experienced dental and medical problems. Johnson sought treatment for the dental problems on Feb. 1, 2019 [Second Amended Complaint, #17,

A400]. A dental assistant examined him, took X rays and told him his two front teeth [#9 and #10] needed to be extracted [Sec. Am. Com. #18, A400]. On Feb. 6, 2019, the pain continued and he returned to the dentist and was seen by Dr.Thorris Green. He examined Johnson, tried twice and failed to extract #9 and #10 teeth and determined that Johnson had an infection that hampered the extraction. He ordered antibotics for the infection which can cause the teeth to fuse to the bone.

"Start Acetaminophen Tablet, 325MG, 2 tablets as needed, Orally, TID, 05 days, 30 Tablet ; Start Amoxicillin Capsule, 500MG, 1 capsule, Orally, TID, 07 days, 21 Capsule; Start ClindamycinHCl Capsule, 150MG, 2 capsules, Orally, TID, 07 days, 4 Capsule." [Med.Rec. 2/6/17 A225].

On Feb. 9, Johnson returned to the dental department and was seen by Appellee/Defendant Dr. Schneider. Johnson told of the earlier failed attempt and told Schneider that he had an infection that antibiotics had been ordered but hadn't yet begun.  Schneider said the infection didn't matter. She apparently failed to read or chose to ignore the medical/dental chart, administered Novocain and tried to extract the teeth but failed. She then tried again, drilling holes in his teeth, administering additional

Novocain and again failed to extract the teeth.[Sec. Am. Com. # 24-26, A401]. She did not note the second attempt in the dental records. [Dr. Modesto Report,p.2, A372]Johnson was sent back to his cell block. Upon return to the block, he was experiencing tremendous pain, tears in his eyes and a headache [ Sec. Am. Com. #27 A401 and Johnson Pro Se Complaint A392-397]  He was given a pass to return to dental but collapsed along the way [Sec. Am. Com. #28 A401]. Sgt. Thompson and Sgt. Majors, seeing his condition, ordered a stretcher to take him back to the dental department. [Sec. Am. Com. #29 A401].

"I/M PRESENTED AS A STRETCHER CALLWITH C/O TOOTH PAIN ON LEFT SIDEOF FACE IN EXTREME PAIN. I/M STATE SHE HAD DENTAL WORK EARLIER TODAY WHICH WAS UNSUCCESSFUL. DENTAL HAS BEEN CONTACTED. PROVIDER WAS NOTIFIED AND ORDERED NUBANE 1ml. Intramuscular one dose Now WHILE I/M AWAITS FOR DENTAL". [Med. Records 2/9/17, A222].

Upon arrival, Defendant Warden May asked him what happened and told him Schneider was at lunch [Sec. Am. Com. #31, A401]]. Defendant Nurse Byrd examined him and said they probably hit a nerve. Warden May left and returned with Defendant Dr. Schneider and Defendant Dr. Haque [Sec. AM. Com.#33, A401]. Haque examined Johnson. Dr. Schneider told

11

Haque to give Johnson a narcotic and she would schedule him to see an oral surgeon [Sec. Am. Com. #34, A401] ]. Haque ordered Byrd to inject him with morphine which she did [Sec. Am/Com.#35, A401]. He also ordered Tylenol #3 for the pain and Johnson returned to the block [Sec. Am. Com. #35, A401]. Upon return the Correctional Officer Kochunnuni saw Johnson was acting funny and took him back to the dental department [Sec. Am. Com. #36,A401]. Upon arrival Johnson started throwing up.

"Patient has nausea, vomiting and teeth ache. Vomited several times in medical area" [Med. Rec. 2/9/17, A216].

Sgt. Dunlap said he was overdosing on morphine and Johnson was then taken to Aria Hospital Emergency Room and treated for an overdose. He was returned to CFCF shortly thereafter.

"Pt. returns from Aria Torresdale. Was sent out for evaluation of tremors. Discharge diagnosis occasional tremors and dentalgia. Morphine injection given for pain. Was referred to oral surgeon." [Med.Rec. 2/10/17 A214]

On Feb. 17, 2017, Johnson put in a sick call slip and was seen by Defendant Dr. Jane Doe and Defendant Nurse Byrd who refused treatment

and ordered him back to the block [Sec. Am. Com. #40, A402]. Back at the

block, Johnson was in considerable pain, had tears in his eyes, and passed

out. [Johnson Pro Se Complaint]. Sgt. Colon got a wheelchair and took him

back to medical [Sec. Am. Com. #42, A402]. While Appellee/ Defendant

Nurse Marinho used a trash can to collect the pus coming out of his nose,

she and Dr. Defendant Jane Doe refused further treatment, renewed the

Tylenol #3 prescription and ordered him back to the block [Sec. Am. Com

#43, A402].

"PATIENT WAS A STRETCHER CALL ON A2 POD 2, FOR"NOT FEELING WELL" ON

ARRIVAL PATIENT WAS  IN NO ACUTE DISTRESS . Patient is complaining of feeling

weak vomiting. He states "I felt something hit in the side of the head"..[Med.

Rec/. 2/19/17, A198]

Correctional Officers Shed and Kochunnuni urged him to file a grievance

which he did, the captain signed off on the grievance.

　　Johnson continued to suffer considerable pain, couldn't eat properly,

had pus and blood coming out of his nose but couldn't get any additional

treatment from Nurse Marinho and staff of Corizon as they failed to

investigate or review the recommendations from Aria Hospital as his medications were cut off. [Sec. Am. Com.#43,46, A402]

" 52 yo male was a stretcher call c/o headache 10/10 since 2/18/17. States he was on tylenol #3 pending oral surgery but his medications expired 2/16/17" [Med. Rec. 2/21/17, A192]

Johnson was taken to Drexel Dental Clinic in mid-February [Sec. Am. Com #45, A---]. They examined him, took x rays, prescribed Tylenol #3, recommended an oral surgeon and said he only needed one tooth extracted but couldn't treat him because the x ray records didn't accompany him. [Modesto p.4, A374]. He was sent back to CFCF [Sec. Am. Com #45, A402]

"pt seen by omfs. they declined to extract as they did not know which teeth to extract because they did not have a radiograph. Will schedule an apt. with dental emergently" [Med. Rec. 2/23/17, A185]

Johnson returned to the dental department on March 6, 2017 but Appellee/Defendant Dental Assistant Holly refused to renew the prescription for Tylenol #3 [Sec. Am. Com #48, A403].

"Inmate AAOx3, down to medical with c/o that the nurse will not given him his medication, upset and aggressive toward medical staff; screaming and yelling"what is you name at nurse when as what medication he get and if he was send down here by the nurse; was order Tylenol with codine for 7 days since 02/09/2017which has stop" . [Med. Rec. 2/27/17, A181]

Johnson continued to file grievances, experienced pain and meds cut off again but got no results. [Sec. AM. Com. #47-48 A402-03]

" The patient has been quite vocal about a perceived need for Tylenol with codeine. I believe this is for dental pain, though the patient is highly pre-occupied with medication and perceived unfairness of not having access to codeine. The underlying problem is not really clear. Mr. Johnson does not really offer any specific information regarding his pain. He did not report the location of his pain, duration, context, exacerbating factors or so forth. He states that he has dental

pain, and that an ER doctor provided morphine for pain. He specifies that "high dose morphine" was required. He stated that the ER doctor recommended Tylenol with codeine while the patient is here at the jail. Mr. Johnson states that a "dental specialist" also recommended Tylenol with codeine for dental pain. Mr. Johnson was lying in bed calmly at the outset of this encounter. He became highly emotional as this encounter evolved,and when alternative therapies for pain were suggested" [Med.Rec. 3/1/17, A178]

Subsequent records incorrectly suggest he refused the tooth extraction.

" Patient presents for Dental Sick Call, X-ray on file # 9&10, Non-restorable decay, Patient has previously refused extraction # 9&10 and now wants to be rescheduled for treatment." [Med. Rec. 3/6/17, A480]

Later on March 9th  he was taken to Drexel Clinic where the one tooth was eventually extracted [Sec. Am. Com #50, A403].

"General Examination: pt seen by omfs for tooth extraction. He was to have 2 teeth extracted but only agreed to have one done. He can put in sick calls to have

the other one done. he has a standing order for motrin and abx." [Med.Rec. 3/9/17, A478]

Brittenham Keyes told Johnson that she read the grievances but there was nothing she could do [Sec. Am. Com #51, A403]. Upon transfer to the State Correctional Institute at Benner, Johnson had the second tooth extracted on Jan. 12, 2018 [Sec. Am. Com #52, A403].

## Summary of Argument

Wayne Johnson, a prisoner in the care and custody of the Philadelphia Prison System filed this instant pro se lawsuit due to his repeated requests for adequate dental care on Jan. 28, 2019. After appointment of counsel and filing his Second Amended Complaint on Feb. 16, 2022, he pled a negligence and deliberate indifference claim against Dr. Schneider. Appellee-Defendant Schneider filed a Motion to Dismiss citing the lack of a Certificate of Merit on April 12, 2022. Said Certificate was the filed in a timely manner of April 15. 2022 within the 60 day window. The lower court granted the Motion to Dismiss of negligence claim on Jan. 31, 2023 without an opinion. Schneider and others filed a Summary Judgement Motion on Nov. 6, 2023. The court granted said Motion on Dec. 5, 2023. The District Court erred in granting summary judgment in favor of Appellee-

Defendant Dr. Schneider despite her disregard of prior extraction attempts, her repeated failed attempts and the presence of an untreated infection. The record raises genuine issues of material fact as to whether Dr. Schneider and other party's actions constituted deliberate indifference in violation of the Eighth Amendment of the U.S. Constitution.

## ARGUMENT

**A. Whether the District Court erred in granting summary judgment because Appellant-Plaintiff Wayne Johnson established a material fact at issue in his deliberate indifference claim to prove an Eighth Amendment violation.**

### 1. <u>Introduction</u>

With the evidence presented, Mr. Johnson raised a genuine issue of material fact as to whether Dr. Schneider had been deliberately indifferent, sufficient to proceed to a jury. At the core of the Eighth Amendment is the prohibition against cruel and unusual punishment. While prisons may be "restrictive and even harsh," *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981), "society may not simply lock away offenders and let the state of nature take its course." *DeShaney v. Winnebago Dept. of Social Servs.,* 489 U.S. 189, 199-200 (1989). Thus, when the state imprisons an individual, such that the person is unable to care for himself, the Constitution imposes "a

corresponding duty to assume some responsibility for his safety and general well being." *Helling v. McKinney,* 509 U.S. 25, 32 (1993). This responsibility, in the context of inmate health problems, precludes prison officials from being "deliberately indifferent" to an inmate's "serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). *Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 346 (3d Cir. 1987). Accordingly the Eighth Amendment protects prison inmates from cruel and unusual punishment in the form of inadequate medical care. See *Farmer v.Brennan*, 511 U.S. 825, 832 (1994); see *Estelle at* 103-05 (1976). To set forth a cognizable claim, an inmate must allege (1) a serious medical need; and (2) acts or omissions by prison officials which demonstrate deliberate indifference to that need. See *Estelle*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). The right to adequate medical care includes dental care, *Board v. Farnham,* 394 F. 3RD 469,480-482 (7TH Cir.). Appellant offers his initial Pro Se complaint not as a pleading as it was superseded by subsequent amendments but as a document with evidentiary value as authored by the appellant in a contemporaneous manner.

## 2. <u>Initial Prong –A Serious Medical Need</u>

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). "The need for the tooth extraction which is uncontracted is clearly a serious condition satisfying the initial prong.* "There is no dispute that Talbert's need to have a tooth extracted due to an infection is a serious medical need." *Talbert v. Corr. Dental Assocs.* 731 Fed. Appx. 145 at 150 (2018), U.S. App. LEXIS 10313 **; 2018 WL 1920587". See *Monmouth County Correctional Inst. Inmates v Lanzaro, 834 F.2d 326 at 347*. As such, the objective component has been satisfied.

## 3. Deliberate Indifference to a Serious Need

With regard to the second prong, a violation of the Eighth Amendment occurs when acts or omissions of prison officials "evidence deliberate indifference to serious medical needs. *Estelle*, 429 U.S. at 104. It is not necessary for a plaintiff to show that a prison official acted "for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan,* 511 U.S. 825, 835 (1994). Rather, this standard is the "equivalent of recklessly disregarding that risk." Id. at 836. A prison official

"must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837. "[A] defendant's knowledge of a risk can be proved indirectly by circumstantial evidence." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 131 (3d Cir. 2001). If the risk is obvious, so that a reasonable person would realize it, the fact finder may infer that the defendants did in fact realize it. See id. at 131. Some examples of when the Estelle standard is met is when a doctor intentionally inflicts pain on a prisoner, when prison authorities deny reasonable requests for medical treatment and such denial exposes the inmate to undue suffering or the threat of tangible residual injury, or when knowledge of the need for medical care is accompanied by the intentional refusal to provide that care. See *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Also, if necessary medical treatment is delayed for non-medical reasons, a case of deliberate indifference has been made. See *Monmouth County*. Deliberate indifference to serious dental needs is also unconstitutional.  Dental care is "one of the most important medical needs of inmates" *Wynn v. Southward, 251 F.3rd 588, 593 (7TH Cir. 2001*

In this instance, Appellee Schneider failed to read the medical records prior to the extraction attempt, choose to ignore the previous effort of Dr. Green two days earlier, to extract Johnson's two front teeth, ignored the diagnosis of an infection, ignored the prescription of anti-biotics to quell the infection that had yet to begin, continued to attempt to extract even after her initial effort failed, drilled holes in the teeth and was still unable to extract the teeth, causing considerable and unnecessary pain.

 *Note failed to mention that Mr. Johnson stated that the antibiotic had been ordered, he had yet to take it, to which she stated that this was of no importance and continued with the scheduled extraction.

*Note failed to mention difficulty extracting teeth resulting in additional attempts by drilling into teeth, exposing/aggravating nerves and exacerbating pain.

*Note failed to mention Dr. Schneider informing patient that she had to stop attempt due to infection implications. [Modesto Report  p.3 A372]

Johnson's initial Pro Se Complaint documents the extreme pain in his own words.  [A392-397]. Said document is offered not as a pleading but as evidence of a contemporaneous statement from the appellant.  Dr. Modesto's expert opinion concurs.

22

Failure to inquire into essential facts that are necessary to make a professional judgment can constitute deliberate indifference. As one court put it, "We will defer to the informed judgment of prison officials as to as appropriate form of medical treatment. But if an informed judgment has not been made, the court may find that an eighth amendment claim has been stated."

Failure to conduct an adequate examination is further evidence of deliberate indifference." *Tillery v. Owens*, 719 F.Supp. 1256, 1308 (W.D. Pa. 1990, Aff'd 907 F. 2d 418 94(3RD Cir. 1990). Dr Schneider had the records available from prior visits but chose to ignore them. Johnson told her of the instructions he received from Dr. Green two days earlier, the presence of an infection and his failure to begin the anti-biotic regime to combat the infection but she chose to ignore them as well. A doctor's grossly perfunctory exam could evince deliberate indifference, *Phillips v. Roane County Tenn.* 534 F.3rd. 531, 544 (6th Cir. 2008). See also *Spruill v. Gillis*, 372 F. 3d 218,237 (3rd Cir. 2004), *Steele v. Shah* 87 F3D. 1266, 1270 (11TH Cir. 1996). Schneider failed to heed the prior records and recommendations, ignored Plaintiffs pleas, ignored the failure to give the prescribed medication for the infection and went ahead with not one but two failed attempts at extraction including drilling holes in his teeth, and

didn't mention such in the dental records. establishing the second prong of

the deliberate indifference test. As Dr. Modesto opined, Schneider

"displayed a gross deviation from acceptable professional standards"

[A371] by the botched procedure and by failing initially to refer him to an

oral surgeon. "There were multiple departures from good and accepted

dental practice by Dr. Schneider (failing to allow antibiotics to even begin to

take effect on evident dental infection before first attempt to extract tooth,

attempting attempt to extract tooth, attempting extraction in such a way to

expose the nerve and send the patient away without immediately

remedying this, attempting extraction despite failed attempts/antibiotics,

and failing to refer to proper professionals i.e. oral surgeon), as well other

dental professionals employed by the correctional facility." [Modesto A376].

Dr. Modesto's opinion was the only expert opinion offered and clearly

established deliberate indifference. The Court's opinion conveniently

omitted the word 'gross' when discussing the report and the level of care by

Dr. Schneider. [Memorandum 12/5/2023 p.3-4 A9-10] The Second Circuit

has ruled that a "claim regarding inadequate dental care, like one involving

medical care, can be based on various factors, such as the pain suffered

by the plaintiff, . . . the deterioration of the teeth due to a lack of treatment, .

. . or the inability to engage in normal activities." *Chance v. Armstrong*, 143

F.3d 698, 703 (2d Cir. 1998). Dr. Modesto's opinion clearly establishes deliberate indifference due to numerous departures from accepted practices outlined in her report. Johnson's Pro Se Complaint clearly demonstrates the pain he suffered in his own words. [A392-397]

'Relying on *Roe v. Elyea,* our Court of Appeals concluded a medical professional must not depart from accepted standards of professional judgment when making treatment decisions regarding Mr. Talbert". *Talbert v. Correctional Dental Associates,* 2021 U.S. Dist. LEXIS 7012, 7026 (J. Kearney), *Talbert v. Correctional Dental Associates,* 731 F. App'x 145, 150 (3d Cir. 2018) (citing *Roe v.Elyea,* 631 F.3d 843, 860 (7th Cir. 2011). "[W]hen a medical professional fails to 'to consider an individual inmate's condition in making treatment decisions ... [that is] precisely the kind of conduct that constitutes a substantial departure from accepted professional judgment, practice, or standards, [such] as to demonstrate that the person responsible actually did not base the decision on such a judgment. "ID. at 151 '"[P]rison officials still must make a determination that application of the protocols result in adequate medical care,' to an individual inmate." Id. at 150-51 (citing *Roe v. Elyea*, 631 F.3d 843, 860 (7th Cir. 2011). Appellee Defendant Schneider was also the dental provider in the Talbert matter.

As Dr. Modesto's expert opinion states, material facts are at issue requiring the reversal of the grant of Summary Judgment as Schneider departed from professional judgments when she failed to read the prior medical charts, ignored Johnson's pleas regarding medication, failed to allow anti-biotics to take effect, failed in two further extraction attempts including drilling holes in his teeth, failed to document such in her records, and failed to properly refer him to an oral surgeon. She also contributed to his overdose on medication requiring an emergency room visit.

## B. The Lower Court improperly dismissed the Appellant's negligence claim via Motion to Dismiss despite the filing of the Certificate of Merit in a timely manner

The District Court erred in holding that Appellant Johnson's Negligence claim should have been dismissed on Jan. 31, 2022 via a Motion to Dismiss. In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney. Pa. R. Civ. P. 1042.3(a)(1)-(3) (2004).

The certificate of merit must state either: "(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim." Pa. R. Civ. P. 1042.3(a)(1)-(3) (2004).

VI of the pleading contained a negligence claim against the Named Doctors, which included Dr. Schneider who was erroneously identified as Dr. Snyder in the Pro Se Complaint. A Certificate of Merit against Dr. Schneider only was filed on April 15, 2022 within the 60 day limit, pursuant to Pennsylvania Rule of Civil Procedure 1042.3. [Dkt. #75]. The Court held a hearing on Jan. 30, 2023. Judge Bettlestone indicated that the Certificate of Merit should be filed within 60 days of the filing of the Second Amended Complaint as that action triggers a new 60 day window.

Case law supports the proposition that subsequent amendments to the initial complaint reopens the 60 day timeframe for filing a certificate of merit. _TIC N. Cent. Dall. 3, L.L.C. v. Envirobusiness, Inc._ 463 S.W.3d 71 (Tex. App. 2014). The Court then dismissed the negligence claim against Dr. Schneider in its order of Jan. 31, 2023 without an opinion. As the manner had been discussed in open court and the Judge indicated that the filing of an amended complaint restarts the 60 day time limit, Appellant wrote a letter to the Court on Feb. 7, 2022 arguing that the Certificate of Merit was timely.  Love Letter-[2/7/2022 A408]

**Judge Wendy Bettlestone**

Re: Johnson v. Schneider et al C.A. No. 19-00415

With regard to the recent Preliminary Pre Trail Conference of Jan. 31, 2023, I ask for clarification on an important issue.

Plaintiff Johnson files his Second Amended Complaint per order of the court of Feb. 16, 2022. Defendant Schneider filed a Motion to Dismiss on April 12, 20222 and asked the court to dismiss the 8th Amendment claim for deliberate indifference to a serious medical need as well as the negligence claim. With respect to the negligence claim, the Defense motion argued that Plaintiff had

failed to file a Certificate of Merit within the required 60 days. Plaintiff Johnson

filed a Certificate of Merit three days later as to Defendant Schneider on April 15,

2022 pursuant to Pennsylvania Rule of Civil Procedure 1042.3 [Pa. RCP] within the

60 day limit.

On August 29, 2022 Defendant Corizon filed a Praecipe for Entry of

Judgment Non Pros on behalf of  Corizon and their employees Dr. Haque and

Nurse Emmanuel Marinho alleging the failure to file a Certificate of Merit as to

their clients. Plaintiff Johnson responded that he did not contest the motion as to

Corizon et al but did contest as to Defendant Schneider.

At the Pre Trial Conference of Jan. 31, 2023, Judge Bettlestone indicated

that the filing of an amended complaint triggers another 60 days under Pa. RCP

1042.3. Accordingly said Certificate of Merit as to Schneider was filed in a timely

manner. However Your Honor issued docket entry 101 dismissing Plaintiff

Johnson's negligence claim against Defendant Schneider. Plaintiff's counsel

contends that ruling was inconsistent with the discussion in open court and asks

the court to reconsider that ruling.   Respectfully Submitted,

Angus Love, Esq. -Counsel for Plaintiff Johnson

Said letter was ignored.

Appellant Johnson is required to file a certificate of merit to support his negligence claim. Substantive law of Pennsylvania applies to this issue. Johnson flied his certificate on April 15, 2023. The Third Circuit recently took up a similar issue and concluded that the New Jersey affidavit of merit statute — which is analogous to the Pennsylvania certificate of merit rule — and concluded that the statute does not collide with the Federal Rules of Civil Procedure and therefore must be applied as substantive state law by federal courts sitting in diversity. *Chamberlin v. Giampapa*, 210 F.3d 154, 158-61 (3d Cir. 2000) (analyzing the New Jersey affidavit of merit statute within the framework of *Hanna v. Plumer*, 380 U.S. 460 (1965) and *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). Affidavit of merit (or similar) statutes have been applied as substantive state law in numerous other federal courts as well. See *Chamberlin*, 210 F.3d at 160 n5. "Thus, for the purposes of the pending Motion to Dismiss, the Pennsylvania certificate of merit rule will be applied by this Court as controlling, substantive state law.' *Scaramuzza v. Sciolla* 345 F. Supp. 2d 508 (E.D. Pa. 2004). Accordingly the Certificate of Merit was filed in a timely manner against Dr,.Schneider.

## C. Remaining Corizon and City Appellees were deliberately indifferent in the After Care of Appellant Johnson

The Lower Court found in favor of granting summary judgment to Corizon employees, Dr. Haque and Nurse Marinho and City employees Robinson, Byrd and Holly in its Dec. 5, 2023 memorandum and Order. It also found for Warden May who passed away during the pendency of the litigation. If this Court finds that Dr. Schneider violated Johnson's constitutional rights, then the ancillary activities of these parties also violated his 8th Amendment rights. As discussed above and applied to remaining Appellees/Defendants, their ancillary actions causing additional pain and suffering constituting deliberate indifference ,*Stefan v. Olson* 497 F.App'x 568,577 [6th Cir. 2012]. Appellees Holly, Byrd and Robinson are liable for not providing medications that have been prescribed and also their refusal to treat Johnson on several occasions as discussed above are also evidence of deliberate indifference, *Hudson v. McHugh* 148 F. 3d 859, 864 [7th Cir. 1998], *Greeno v Daley* 414 F. 3d 645,653-654 (7TH Cir. 2005)]. Dr. Haque and Nurse Byrd's administration of an overdose requiring treatment in the emergency room is further evidence of deliberate indifference.  These are

substantial departures for acceptable medical standards and constitute deliberate indifference. There is sufficient material facts at issue to deny Summary Judgment as to these Appellees/Defendants.

## III. Conclusion

The Second Circuit has ruled that a "claim regarding inadequate dental care, like one involving medical care, can be based on various factors, such as the pain suffered by the plaintiff, . . . the deterioration of the teeth due to a lack of treatment, . . . or the inability to engage in normal activities." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Appellant Johnson has shown that such factors exist in this matter and respectfully requests that this Honorable Court to reverse the grant of a Motion to Dismiss the negligence claim against Dr.Schneider and to reverse the grant of Summary Judgement also to Dr. Schneider and others and remand the matter back to the lower court and allow both claims to go forward.

/s/Angus Love, Esq.

CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), the undersigned certifies this brief

complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B).

1. Exclusive of the exempted portions in Fed. R. App. 32(a)(7)(B)(iii), the brief contains 6316 words, as calculated by the Microsoft Word 2003 word processing program used to prepare the brief.

2. The brief has been prepared in proportionately spaced typeface using Word 2003 in Arial 14 point type.

3. The undersigned understands a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in Fed. R. App. P. 32(a)(7) may result in the Court's striking the brief and imposing sanctions against the person signing the brief.


CERTIFICATE OF ADMISSION..............................................................

Pursuant to Third Circuit LAR 28.3(d), the undersigned certifies that he is a member of the bar of this Court.


CERTIFICATE OF VIRUS SCAN AND IDENTICAL COPY.....

I hereby certify that on the 1st day of March 2024, a virus scan was completed on Appellant's Brief and no virus was detected. The scan utilized was

Norton Virus Scan. I also hereby certify that on the March 1, 2024, the electronic version and the hard copy version Appellant's Brief, which were filed, are identical.

## CERTIFICATE OF SERVICE.................................................................................

I hereby certify that on the April 1, 2024 a copy of Appellant's Brief was electronically served on all counsel for Appellees. In addition, one of Appellant's Brief and one copy of the Appendix in this matter were served on each counsel for Appellees by mailing via Federal Express as follows:

Thomas J. Gregory, Esquire

O'CONNOR KIMBALL, LLP

Suite 1100

Two Penn Center Plaza

1500 John F. Kennedy Boulevard

Philadelphia, PA 19102

. Suite 1100

Two Penn Center Plaza

1500 John F. Kennedy Boulevard

Philadelphia, PA 19102

Georgios Farmakis

Weber Gallagher

2000 Market Street, Suite 1300

Philadelphia, PA 19103

Benjamin Jackel, Esq.

Assistant City Solicitor

Law Department, Civil Rights Unit

1515 Arch St. 19th Floor

Phila.Pa. 19109

Respectfully submitted,

/s/ Angus R. Love

Attorney ID No. 22392

Law Offices of Angus Love

P.O. Box 521

Narberth, Pa. 19072